## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**GERRY J. CORRIGAN**

    **Plaintiff,**

**v.**          **Case No: 6:20-cv-2126-PGB-GJK**

**MODERN WOODMEN OF AMERICA,**

    **Defendant.**
_____/

## ORDER

This cause comes before the Court on Magistrate Judge Thomas B. Smith's May 21, 2021 Report and Recommendation.[1] (Doc. 22 ("**Report**")). Magistrate Judge Smith recommends that Defendant's Motion to Quash and Dismiss Complaint (Doc. 10 (the "**Motion**")) be granted and that Plaintiff's Complaint be dismissed without prejudice. (*Id.*). Plaintiff filed an Objection. (Doc. 23). Upon consideration, Plaintiff's Objection is due to be overruled, the Motion is due to be granted, and the Complaint is due to be dismissed without prejudice.

## I.  BACKGROUND

On November 18, 2020, Plaintiff Gerry J. Corrigan, appearing pro se, filed this action against corporate Defendant Modern Woodmen of America, alleging violations of the Age Discrimination in Employment Act and the Americans with

---

[1] Judge Smith is currently handling this case for Judge Kelly.

Disabilities Act. (Doc. 1; *see* Doc. 13-1, p. 7). Defendant moves to quash service because Plaintiff did not include a summons with the complaint, and he mailed the complaint to Defendant via certified mail. (Doc. 10). Defendant also moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) because sufficient service was not accomplished within 90 days of the complaint being filed. (*Id.* at p. 4). Magistrate Judge Smith recommends that this Court grant the Motion (Doc. 22), and Plaintiff objects (Doc. 23).

## II.   STANDARD OF REVIEW

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III.   DISCUSSION

In his Report, Magistrate Judge Smith finds Plaintiff's service of process on Defendant insufficient for three reasons. The Court agrees with his findings.

First, Federal Rule of Civil Procedure 4(c)(1) states that "A summons must be served with a copy of the complaint." Plaintiff does not dispute that he failed to

include a summons with service of the complaint. Accordingly, his service of process is improper.

Second, when serving process on a corporation within a judicial district of the United States, service may be accomplished in one of two ways:

> (A) in the manner prescribed by [Federal Rule of Civil Procedure] 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . .

FED. R. CIV. P. 4(h)(1). Rule 4(e)(1) provides that an individual may be served within a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Plaintiff's service of process is insufficient under Rule 4(h)(1)(B) because he mailed the complaint to Defendant via certified mail and, therefore, he failed to "deliver" it. Plaintiff's service of process is also insufficient under Rule 4(e)(1) because Florida law does not permit service of process by mail,[3] and Illinois law

---

[3]   *See* FLA. STAT. § 48.031(1) (2020) ("Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, . . . or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.").

only permits service by mail under limited circumstances[4] that do not apply to this case.

Notably, Plaintiff does not dispute Magistrate Judge Smith's conclusion that he failed to properly serve Defendant. Instead, Plaintiff requests a "special waiver" of the service of process rules "[g]iven the mitigating circumstances . . . [of] Covid-19 and lack of counsel to be obtained," which the Court cannot do. (*Id.* at p. 2).

Finally, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P 4(m). Plaintiff argues that good cause exists, listing his inability to retain council, the lack of court personnel to assist with service due to Covid-19 closures, and the lack of notice given by Defendant that his service was improper. (*Id.*). However, Plaintiff's lack of knowledge of how to properly serve Defendant is not enough to excuse his insufficient service.

---

[4]   *See* 735 ILL. COMP. STAT. 5/2-206 (stating that a corporation may be served by publication and mail "in any action affecting property or status within the jurisdiction of the court, including an action to obtain the specific performance, reformation, or rescission of a contract for the conveyance of land, except for an action brought under part 15 of Article XV of this Code that are subject to subsection (a-5)" or "[i]n any action brought by a unit of local government to cause the demolition, repair, or enclosure of a dangerous and unsafe or uncompleted or abandoned building").

## IV.    CONCLUSION

For the reasons set forth herein, it is **ORDERED AND ADJUDGED** as follows:

1.    Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 22) is **ADOPTED** and **CONFIRMED** and made part of this Order;

2.    Plaintiff's Objection to the Report and Recommendation (Doc. 23) is **OVERRULED**;

3.    Defendants' Amended Motion to Quash and Motion to Dismiss (Doc. 10) is **GRANTED**; and

4.    Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Orlando, Florida on June 25, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties